### SNAPP v WHITE et

Common Pleas Court, Hamilton Co.

No. A-70467. Decided April 17, 1940.

George W. Platt, Cincinnati, for plaintiff.

Arthur C. Fricke and J. W. Brown, Cincinnati, for defendants.

### OPINION

By MACK, J.

This cause has been submitted to the court upon the motion of plaintiff for a temporary injunction against "bannering" the places of business of plaintiff in the manner hereinafter stated. For the purposes of the motion the following facts have been agreed as true, viz:

That plaintiff conducts several restaurants in Cincinnati; that none of plaintiff's employees are members of any of the unions, defendants herein; that defendants requested plaintiff to employ union help and he refused to do so; that none of plaintiff's employees desire to join any defendant unions; that there has been no violence of any

character, or any interference with ingress and egress of customers in plaintiff's places of business; that there is no dispute between plaintiff and his employees as to wages, hours or shop conditions; that there has been no strike of any of plaintiff's employees, or any lockout by plaintiff; that there is no trade dispute between plaintiff and his employees, or any of them; that in front of plaintiff's place of business one man on behalf of defendants walks up and down near the curb carrying a banner, which reads:

**Please** do not patronize this restaurant and cafe. **It is non-union.** Bartenders' Local 68, Waitresses' Local 72, Cooks' Local 177, Waitresses' Local 276, Miscellaneous Local 263, Colored Help and Restaurant Workers Local 541. **Affiliations,** Local Joint Executive Board **A. F. L.**

Said bold face words are in red ink and the remainder in black ink.

Not only in the argument, but by brief, the plaintiff's counsel insists that decision of this case is governed by **Crosby v Rath, 136 Oh St 352, 16 OO 496,** decided March 6, 1940. On behalf of defendants, in argument and by brief, it is insisted that said case is not determinative of instant case.

In view of the radical difference between counsel as to exactly what was involved in the Crosby case, this court has had access to its printed record, covering over 500 pages, and the briefs covering over 200 pages, in said case, in order to determine just what was involved and what was submitted to the court for decision. Careful examination thereof reveals the following:

The second amended and supplemental petition, at page 6 of the record, in addition to charges of violence, intimidation, etc., alleges "there is not now and never has been any trade dispute, strike or lockout between plaintiff and her employees." The banner in said case had the following inscription:

Crosby's Restaurant unfair to organized labor. Please do not patronize. Cooks' and Waitresses' Union. Affiliated with A. F. L.

Its prayer, in addition to asking an injunction against violence and intimidation, asked for an injunction. (Record p. 18):

"1. From picketing and patrolling the sidewalks adjacent to plaintiff's place of business.
"2. From making, publishing or displaying any statement, oral, written, printed, or otherwise, the reasonable effect of which is to induce in the minds of those who read or hear such statements that a strike is in effect against plaintiff, or that plaintiff is unfair to organized labor," etc.

Defendants' answer (Record p. 21) alleged:

"Defendants admit that on or about the 4th day of October, 1937, they proceeded to picket plaintiff's place of business, but did not picket in the manner alleged in plaintiff's amended and supplemental petition, but aver that their conduct has been that of peaceful picketing in front of the restaurant and in the rear thereof."

In the Common Pleas Court there was a sweeping injunction against violence, intimidation, etc., and among others, (Record p. 28).

"from picketing and bannering or patrolling the streets or sidewalks adjacent to or in the vicinity of the plaintiff's place of business."

Upon appeal to the Circuit Court of Appeals (judges of the First Appellate District sitting) the case was heard de novo on the record from the Common Pleas Court. There was no opinion handed down, but the decree of the court, entered May 25, 1939, (Record p. 498) finds

"that the plaintiff, Pearl E. Crosby, maintains a certain place of business in the city of Cleveland, Ohio, where she operates a restaurant; that the plaintiff Pearl E. Crosby employs non-union labor; that the employees of the plain-

tiff are under contract for specific terms of employment, and have no desire to become members of defendant's union; that defendant unions (named) have the right to notify the public that plaintiff Pearl E. Crosby does not employ union labor."

In the decree (Record p. 499) it is ordered:

"1. That defendant unions are entitled to have two pickets" (in front of plaintiff's restaurant) "and one picket" (at another place designated).
"2. Said pickets may inform the public, either orally, of by hand-bills or signs, that the restaurant owned and operated by the plaintiff Pearl E. Crosby does not employ union help, and request, either orally or by means of hand-bills or signs, the public not to patronize said restaurant."

From the record, as well as from the points stressed in the briefs of counsel, it is apparent that the question which was squarely put to the Supreme Court was whether peaceful bannering and picketing could be enjoined in a case where there was no dispute between employer and his employees as to wages, hours or shop conditions and where there was no lockout by the employer. That the court responded to the question thus squarely put to it is apparent from the language of the opinions of the various judges. Thus the majority opinion states the proposition:

"The controlling question in the case is whether the evidence discloses the existence of a legitimate trade dispute * * *. Of course, as already indicated in the factual statement, it is not even contended that in the instant case there is any dispute whatsoever between the plaintiff and her employees, as in the La France case, supra. On the contrary, the only dispute in the instant case is between the plaintiff and the defendants, with whom the plaintiff's employees have no connection. * * * There is no reason or convincing authority sustaining the contention of the defend-

ants that they have the right to be engaged in picketing or boycotting under such circumstances."

As a conclusion the majority opinion quotes with approval as the "generally accepted rule" the following:

"The right to contract, the right to do business and the right to labor freely and without restraint are all constitutional rights equally secured, and the privilege of free speech can not be used to the exclusion of other constitutional rights, nor as an excuse for unlawful activities in interference with another's business."

For that reason the decree of the Court of Appeals was reversed "to the extent that it permits picketing and boycotting," and final judgment was rendered in conformity with the decree of the Common Pleas Court.

The Chief Justice and three judges concurred in the majority opinion. Judge Myers concurred in the judgment only upon the ground that, inasmuch as there had been acts of violence, rights which might peaceably be exercised were forfeited.

Judge Day voted to affirm the Court of Appeals decree for the reason:

"Peaceful picketing, by carrying placards, signs, distribution of literature, or by oral speech, is not, in and of itself, unlawful. It is a lawful right emanating from and protected by the constitutional provision governing the exercise of free speech."

Judge Zimmerman disagreed with the conclusion of Judge Myers that acts of violence previously committed justify enjoining peaceful persuasion. He stated that a "trade dispute" or "labor dispute" has a broader meaning than the one given it by the majority opinion. He referred to cases where peaceful picketing was permitted though there was no controversy between employer and his immediate employees. He concluded:

"The opinion has also been advanced that an injunction denying the members of a labor union the right to apprise the public of the true facts in relation to an employer of labor, by means of 'peaceful picketing' reasonably exercised on a defensible basis, would constitute an infringement of the constitutional guaranty of free speech."

Our **Ohio Constitution** contains in its Bill of Rights the following:

**Article I, Sec. 1:**
"All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property, and seeking and obtaining happiness and safety."

**Article I, Sec. 11:**
"Every citizen may freely speak, write or publish his sentiments on all subjects, being responsible for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press."

Bearing in mind the foregoing constitutional rights, the rationale of the majority opinion in the Crosby case either is that the right of free speech is not superior to the right of liberty secured by **Art. I, Sec. 1, of the Constitution,** or that peaceful bannering and picketing, in the absence of a labor dispute between an employer and his employees, are unlawful activities in interference with another's business.

As the rule of law announced by the majority opinion in the Crosby case is binding upon this trial court, it is unnecessary to consider either the opinion of Judge Schneider in **Scott Burr Stores Corp. v Specter, 14 OO 105,** or our own decision in **Finke v Schwartz, 28 N. P. (N.S.) 411,** or other cases cited in the brief of defendants. That the Crosby case, in which there was no trade dispute between employees and employer, is consistent with the La France case, where there was such trade dispute, is evident from the opinion of Judge

Allen in the latter case, as reported in **108 Oh St 84:**

"Peaceful picketing has frequently been held lawful in Ohio. A long line of authority in the lower tribunals, which includes decisions of outstanding judges in the nisi prius courts in this state, holds that in the prosecution of a strike, that is, a refusal of employees to work owing to a legitimate trade dispute with their employers, workingmen may legally place pickets or patrols within a reasonable distance of the employer's place of business for the purpose of observing the progress of the strike. These decisions have been acquiesced in in this state for almost 25 years, the period during which industrial strife has become most prominent. It is also generally held by the same Ohio lower courts that striking workmen may peaceably persuade men and women still working under their former employer to abstain from working for the employer during the continuance of such strike, and may peaceably persuade new wokmen not to accept employment. This court, however, has never passed upon the specific questions here presented, except in an affirmance without opinion of a nisi prius case."

Having reached the conclusion that the Crosby case is determinative of instant case, nevertheless there still remains for consideration the question whether any of the provisions of the Constitution of the United States or decisions of the Supreme Court of the United States are in conflict with the rule announced by the majority opinion of our State Supreme Court in said Crosby case.

Article I of the Amendments to the Constitution of the United States provides that:

"Congress shall make no laws * * * abridging the freedom of speech or of the press."

Article V of such Amendments provides that:

"No person * * * be deprived of life, liberty, or property, without due process of law."

Article XIV of said Amendments provides:

"Nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

In 1925 the Supreme Court of the United States in New York v Gitlow, 268 U. S., 652, expanded the meaning of the word "liberty" as used in the due process clause of the fifth and fourteenth Amendments to the Federal Constitution. Speaking through Mr. Justice Sanford the court said:

"For present purposes, we may and do assume that freedom of speech and of the press—which are protected by the first amendment from abridgement by Congress—are among the fundamental personal rights and 'liberties' protected by the due process clause of the fourteenth amendment from impairment by the states."

The last similar expression of the Supreme Court is through Mr. Justice Stone in the case of Hague et v Committee for Industrial Organization, et, decided by the Supreme Court on June 5, 1939, wherein he said:

"It has been explicitly and repeatedly affirmed by this court, without a dissenting voice, that freedom of speech and of assembly for any lawful purpose are rights of personal liberty secured to all persons, without regard to citizenship, by the due process clause of the fourteenth amendment."

See also article by Charles Warren, 39 Harvard Law Review, 431.

Except the case of Senn v Tile Layers Union 301 U. S. 468, no decision of the Supreme Court of the United States has been referred to bearing on the question of any conflict between the right of an employer to carry on his business as he sees fit and the right of labor unions to "banner" the place of business of such employer in an effort to bring about the employment of union labor by such employer. That case, far from assisting defendants in the case at bar, expressly determines that what constitutes a "labor dispute" is a question of state law. A careful reading of the opinion of Mr. Justice Brandeis in that case leads to the conclusion that he would not hold that the right of free speech in a case where there is no trade dispute between an employer and his employees is superior to the right of the employer to conduct his business as he sees fit, as long as it is conducted in a lawful manner.

In Lovell v City of Griffin, 303 U. S., 444, at page 452, Mr. Chief Justice Hughes, in speaking of freedom of speech, said:

"The press in its historical connotation comprehends every sort of publication which affords a vehicle of information and opinion."

All the recent famous, well known decisions upon the question of liberty of speech or freedom of the press are cases in which the right of free speech or assembly for expression of opinion were solely involved. In none of said cases was there involved any question as to any conflict between such rights and the rights of liberty or property protected by the due process clauses of the fifth and fourteenth amendments to the Federal Constitution. A brief reference to such decisions demonstrates this:

Thus, Gitlow v New York, 268 U. S., 652, involved simply the right to preach doctrines of socialism.

Near v Minnesota, 283 U. S., 697, involved the question whether the "Saturday Press" was a public nuisance.

Grosjean v American Press Co., 297 U. S. 233, involved the right of a tax on newspapers.

DeJonge v Oregon, 299 U. S. 353, involved the right of Communists to proclaim their theories.

Lovell v City of Griffin, 303 U. S. 444, involved the right of the "Kingdom of Jehovah" to preach its doctrines.

Hague et v Committee for Industrial Organization et, decided by the Supreme Court June 5, 1939, involved the right of the Chief of Police of Jersey City to prevent meetings disseminating information concerning the National Labor Relations Act.

Schneider v State of New Jersey, 60 Supreme Court Reporter, 146, decided November, 1939, involved ordinances in Milwaukee, Wisconsin, Los Angeles, California, and Worcester, Mass., prohibiting distribution of hand-bills on the public streets.

From a careful analysis of the decisions of the Supreme Court of the United States, and after fullest consideration, we can find nothing in the provisions of the Federal Constitution or in the decisions of the Supreme Court of the United States inconsistent with the conclusion reached by the majority of the Supreme Court of Ohio in the Crosby case.

It follows from the foregoing that in our opinion the motion for a temporary injunction against bannering in the case at bar should be granted.